IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOHNNYE WARNSLEY,

                Plaintiff,         Case No. 3:06 CV 3032

-vs-

                                        MEMORANDUM  OPINION

TOLEDO BOARD OF EDUCATION,

                Defendant.

KATZ, J.

This matter is before the court on Plaintiff's motion to remand (Doc. No. 13), Defendant's opposition (Doc. No. 16) and Plaintiff's reply (Doc. No. 17) thereto. For the reasons that follow, Plaintiff's motion is found to b well taken.

## BACKGROUND

On December 8, 2006, Johnnye Warnsley, through her counsel, filed an action in the Lucas County Court of Common Pleas alleging racial discrimination claims of disparate treatment and retaliation under Ohio Revised Code § 4112.02 et seq., as well as similar claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000 *et seq*. She also alleged claims under 42 U.S.C. §§ 1981 and 1983. The defendants named included the Toledo Board of Education ("Board") and the Toledo Federation of Teachers, Local 250 ("Federation").

Defendant Board effected a timely removal to the present venue on December 20, 2006 and the Federation filed a joint removal statement concurring in the removal (Doc. No. 5). On February 28, 2007, after the Federation had filed its answer and consent to amendment of Plaintiff's complaint but before the Board's answer was due, Plaintiff amended her complaint. The amendment (Doc. No. 11) reflected claims of disparate treatment and retaliation under Ohio law

only as against both Defendants. Less than one week later, Plaintiff filed a motion to remand alleging this Court was without original jurisdiction and seeking a remand back to state court under 28 U.S.C. § 1447(c).

## MOTION TO REMAND

Under 28 U.S.C. § 1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." The Sixth Circuit has stated,"[f]or a case to be deemed remanded pursuant to § 1447(c), the district court must find that subject matter was lacking at the time of removal and them remand on that basis. . ." *Davis v. International Union, United Auto.,* 392 F.3d 834, 837 (6th Cir. 2004), *cert. denied*, 127 S.Ct. 1356 (Feb. 20, 2007).

> It is the unadorned snapshot of the pleadings that we examine in order to decide whether the case "arises under" federal law. Subsequent amendments are permitted, of course; but if an amendment eliminates all of the federal claims, remand becomes a *discretionary* decision for the district court under 28 U.S.C. § 1367(c)[1].

*Eastman v. Marine Mechanical Corp.,* 438 F.3d 544, 551 (6th Cir.), *cert. denied*, 127 S.Ct. 73 (2006). (Emphasis added.)

The Supreme Court addressed the district court's duties in making an assessment relative to pendant state law claims:

---

[1]

 **( c)** The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if–
   **(1)** the claim raises a novel or complex issue of State law,
   **(2)** the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
   **(3)** the district court has dismissed all claims over which it has original jurisdiction, or
   **(4)** in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

> Under *Gibbs,* a federal court should consider and weigh in each case, and at every state of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims. When the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction . . . As articulated by *Gibbs,* the doctrine of pendent jurisdiction thus is a doctrine of flexibility, designed to allow courts to deal with cases involving pendent claims in the manner that most sensibly accommodates a range of concerns and values.
> . . . .
>
> . . . *Gibbs* [also] establishes that the pendent jurisdiction doctrine is designed to enable courts to handle cases involving state-law claims in the way that will best accommodate the values of economy, convenience, fairness, and comity, and *Gibbs* further establishes that the Judicial Branch is to shape and apply the doctrine in that light.

*Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357, 108 S.Ct. 614, 623, 98 L.Ed.2d 720 (1988).

In this particular instance, the Court sees no reason to depart from the general rule. The case has spent little time on this Court's active docket, and no discovery has been done under this Court's supervision. The claims forming the basis of this Court's original jurisdiction were dismissed early in the case even before one of the defendant's filed its answer. The interests of judicial economy, fairness, and comity favor dismissal of the remaining claims so they can be tried in state court.

### CONCLUSION

Therefore, Plaintiff's motion, albeit incorrectly asserted under § 1447(c) is properly considered under the Court's supplemental jurisdiction and for the reasons stated above, is remanded to state court. Accordingly, the Clerk is instructed to remand this action back to the Lucas County Court of Common Pleas.

IT IS SO ORDERED.

   S/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE